**David Crockett PEDICORD, Appellee,**

v.

**Harold R. SWENSON, Warden, Appellant.**

**No. 20071.**

United States Court of Appeals, Eighth Circuit.

Aug. 13, 1970.

———◆———

Dale L. Rollings, Asst. Atty. Gen., Jefferson City, Mo., for appellant; John C. Danforth, Atty. Gen., Jefferson City, Mo., on the brief.

Maurice J. O'Sullivan, of Kemp, Koontz, Claggett & Norquist, Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, MEHAFFY and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by respondent Harold R. Swenson, Warden, from final judgment granting David Crockett Pedicord, hereinafter for convenience called defendant, habeas corpus relief from his state conviction. Jurisdiction, based upon 28 U.S.C.A. § 2254, is established. Defendant has exhausted his state remedies.

Defendant by prosecutor's information filed in the Missouri state trial court on April 16, 1952, was charged under the Missouri Second Offender Act, § 556.-280, V.A.M.S., with armed robbery of an automobile. The information stated that defendant had previous state convictions on a charge of carnally knowing

a female under sixteen years of age and of removing and concealing mortgaged property, upon each of which convictions he had served penitentiary sentences.

Defendant upon his plea of guilty was sentenced to life imprisonment. No appeal was taken from the conviction.

On April 5, 1967, some fifteen years after the judgment of conviction, defendant filed a petition for post conviction relief in the Missouri state trial court under Rule 27.26, Missouri Rules of Criminal Procedure. The trial court granted an evidentiary hearing and denied relief. Upon appeal, the Missouri Supreme Court affirmed. State v. Pedicord, Mo., 437 S.W.2d 87.

Defendant then filed his petition in the action now before us on appeal in the United States District Court for the Western District of Missouri. The record was stipulated. The state court proceedings were made a part of the record. The court determined that defendant's federal constitutional rights had been violated in two respects, (1) denial of effective assistance of counsel, and (2) the guilty plea was not voluntary. The court's memorandum opinion stating the basis for its determination is reported at 304 F.Supp. 393. On the basis of its findings, the court entered an order reading:

> "Ordered that petitioner is entitled to the relief prayed for but that the writ shall not issue for a period of thirty (30) days in order to afford the State of Missouri, through its Attorney General, the opportunity to have petitioner's conviction set aside or declared to be invalid, to have counsel appointed, and to begin new trial proceedings; it is further

> "Ordered that if no such new trial proceedings are begun within thirty (30) days from the date of this order, the writ shall issue; * * * * " 304 F.Supp. 393, 401.

This appeal is taken from such order.

The points relied upon for a reversal are thus stated: "I. The district court erred in predicating a finding of inef-fective assistance of counsel on the sole fact of failure to advise defendant of the possibilities of punishment. II. The circuit court erred in shifting the burden of proof to the State upon its showing that counsel was appointed a short time before a plea was entered."

Each of such points are directed exclusively to the court's finding that defendant did not have effective assistance of counsel. The court's finding that defendant's plea of guilty was not voluntary is in no way attacked on this appeal. It is not covered by the briefs filed on behalf of Warden Swenson and the point was not urged upon oral argument.

■ Rule 28(a), Federal Rules of Appellate Procedure, requires that the brief of the appellant shall include "a statement of the issues presented for review." Questions not raised, briefed or argued will ordinarily be given no consideration by an appellate court. Trailmobile v. Whirls, 331 U.S. 40, 50, 67 S. Ct. 982, 91 L.Ed. 1328; Smith v. American Guild of Variety Artists, 8 Cir., 368 F.2d 511, 514.

We believe that the general rule that issues not raised upon appeal are not to be considered should be followed here. No exceptional circumstances calling for a departure from such rule are present.

In any event, appellant has failed to demonstrate that the trial court erred in determining that the guilty plea was not voluntary. In Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, the Supreme Court, after pointing out that a plea of guilty involves the waiver of a number of constitutional rights, goes on to say: "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

Both the Missouri Supreme Court and the trial court determined that the conviction on the charge here involved supplemented by the proof of prior convictions authorized a life sentence. It is

stipulated that neither the trial court, the prosecuting attorney, nor defendant's appointed counsel informed defendant prior to his guilty plea that a conviction could carry a life sentence.

■ The finding that the guilty plea was not voluntary standing alone supports the order made for defendant's release unless the State within the time specified affords defendant a new trial with appointed counsel to represent him.

■ The Attorney General for the State of Missouri upon oral argument advised us that the purpose of the appeal was to attack the validity of the per se rule adopted by the trial court shifting the burden of going forward with the evidence to the state on the issue of effective assistance of counsel in situations where the record shows counsel was appointed only a very short time before the trial. In our present case, counsel was appointed for the defendant on the day the guilty plea was entered and it is agreed that such attorney conferred with defendant for a period not to exceed ten minutes prior to the entry of the guilty plea.

The Attorney General makes a strong attack upon the per se rule adopted by the trial court and argues that in a situation such as this where the petition is filed fifteen years after conviction and appointed counsel is deceased, an unfair and insurmountable burden is placed upon the state by such a rule. Counsel observed that ordinarily the only participants in the critical conference are the defendant and his counsel, and that the per se rule in cases where counsel is deceased, incompetent or unavailable would ordinarily give the petitioner a new trial.

We believe the issue raised is an important one which will have a marked effect upon state habeas corpus ligitation. We do not believe that we are justified in disposing of such a substantial issue upon the merits in a situation such as this where the decision upon the issue will have no effect upon the outcome of this appeal or have any bearing upon the subsequent proceedings flowing from the trial court's order. We deem it appropriate to make it clear that we do not reach nor pass upon the validity of the per se rule adopted by the trial court.[1]

We affirm the judgment solely upon the separate and independent finding of the trial court that the guilty plea was not voluntary.

The case is remanded to the trial court with the direction that the writ be granted unless the State within thirty days from the date of the issuance of our mandate affords petitioner an opportunity to have his conviction vacated and set aside and affords him a new trial with jurisdiction in the trial court in its discretion to extend such period upon showing of need of an extension.

1. In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 1982, 26 L.Ed.2d 419, decided subsequent to the trial court's decision and oral argument before us, the Supreme Court states: "Unquestionably, the courts should make every effort to effect early appointments of counsel in all cases. But we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, whenever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel."

We do not believe the scope of such de decision, particularly when read in connection with the Third Circuit opinion reported at 408 F.2d 1186, which was under review, should be determined without full argument on the point in a case where the decision upon the issue is critical.