Jesse SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. 50971.

Missouri Court of Appeals,
Eastern District,
Division One.

July 8, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 8, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Carrie Francke, Jefferson City, for respondent.

SNYDER, Judge.

Jesse Smith appeals from the denial without an evidentiary hearing of his Rule 27.-26 motion. The judgment is affirmed.

Appellant was convicted in 1980 of murder in the second degree and sentenced to twenty-five years imprisonment. The conviction was affirmed by this court on direct appeal. *State v. Smith,* 641 S.W.2d 463 (Mo.App.1982). Appellant then filed this *pro se* Rule 27.26 motion. It was denied. A timely appeal was not filed, but the trial court, after some legal maneuverings and a successful appeal by movant, vacated its original denial of the Rule 27.26 motion, and re-entered its earlier findings from which movant filed this appeal.

The following facts are extracted from the opinion in the original appeal which summarized in greater detail the trial evidence. Sharon Walker, movant's girlfriend, shared an apartment with her sister Darlene, and their children. Darlene, her boyfriend, Sharon, and movant were all in the apartment late one night. Sharon retired to bed and movant followed. An ar-

gument developed when Sharon told him she did not want him to spend the night. She threw some keys at his head, cutting him.

Movant left the apartment but returned about five minutes later with a rifle, went straight to her bedroom and fired a shot at the wall over the bed where Sharon lay. Sharon grabbed a steak knife but did not attempt to attack movant with the knife; instead, she ran into her sister's bedroom. Movant followed her, fired two shots, and fled. Sharon died of a single bullet wound to the head.

Movant was taken into custody the morning of the murder and gave a statement denying he killed Sharon. The state introduced this statement by movant during its case in chief. In the statement, movant claimed Sharon had fought with him and struck him with a gun barrel, after which he left the apartment. He stated Sharon was unharmed when he left. *State v. Smith,* 641 S.W.2d at 465.

The jury heard the tape recorded interview of movant telling the police that Sharon had come toward him in a menacing fashion with a knife, after which she got the rifle and he thought she hit with him with a barrel as they scuffled. He also stated that he heard a "pop" and said he thought she had shot him as he was leaving the premises. He added, however, that Sharon was in good physical condition and had not been shot when he left, although, "the gun might've went off, you know, when she hit me or somethin', I don't know." *Id.* at 470.

Largely from this taped interview, defense counsel had attempted to construct the defenses of either alibi (movant was not there when Sharon was shot) or excusable homicide (if movant were there, the shooting was an accident). *Id.* at 469. The verdict director on second degree murder was submitted along with two possible defenses—excusable homicide and self-defense. *Id.*

In movant's sole issue he charges error in the denial of his Rule 27.26 motion without an evidentiary hearing because the files and the records in his case do not show conclusively that he was not entitled to the vacation of his judgment and sentence. Movant argues he was denied effective assistance of counsel because his court-appointed attorney failed to present the testimony of two witnesses and movant's own testimony to establish his claim of self-defense. The findings, conclusions and judgment of the trial court were not clearly erroneous, Rule 27.26(j), and movant's point is denied.

The motion court held that the record showed that movant's trial counsel did not render ineffective assistance in advising movant not to take the stand "since the trial strategy as reflected in the record was that [movant] was not present at the time the victim was shot". A decision permitting movant to take the stand "would have totally eliminated this defense".

The court also found that movant's trial counsel was not ineffective for failing to call the two witnesses to testify that the victim had a violent temper and had threatened to kill movant. The court specifically found that even had these two persons testified, their testimony would not be material since movant had claimed that when he left her, the victim was alive and that he did not shoot her. The court added that evidence of the victim's violence and threats would have been of value only if movant's "defense by his evidence was self-defense".

■■■ Rule 27.26(e) provides for an evidentiary hearing, but to be entitled to a hearing, the movant must: (1) plead facts, not conclusions, which, if true, would warrant relief; (2) those facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Baker v. State,* 680 S.W.2d 278, 281 (Mo.App.1984). This court will not vacate a sentence unless firmly convinced a mistake was made at trial. *King v. State,* 639 S.W.2d 396, 397 (Mo. App.1982).

■■■ In addition, to prevail upon his claim of ineffective assistance of counsel, movant

must show counsel failed to exercise the customary skill and diligence required of a reasonably competent attorney under similar circumstances. *Tate v. State,* 675 S.W.2d 89, 90–91 (Mo.App.1984); *King v. State,* 639 S.W.2d at 398. Moreover, he must show that he was prejudiced by this finding. *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979). Movant bears a heavy burden to show ineffective assistance of counsel. *Id.* He has not met that burden.

Movant emphasizes portions of the original trial proceedings which he claims clearly reflect that the defense strategy was self-defense. Movant highlights the cross-examination of Darlene Walker, the victim's sister, where his questions were designed to elicit testimony that the victim had previously threatened or hit Smith. He concludes that the record contradicts the finding by the motion court that alibi was the apparent strategy pursued by defense counsel.

Movant disparages counsel for his reliance on an "alibi" defense created by the statement Smith gave police, particularly where it was the state which introduced the statement. In effect, movant argues his counsel should have proceeded more aggressively on the theory of self-defense, despite Smith's conflicting statement to the police the morning of the murder that he was not at the apartment at the time of the killing.

■ Counsel had a difficult tactical decision to make, but deliberate trial strategy does not support a claim of ineffective assistance of counsel. *Arnold v. State,* 632 S.W.2d 54, 55 (Mo.App.1982). Absent a rare exception where strategic choice is declared to have been unsound, the strong presumption of correct action overcomes an ineffective assistance allegation. *Porter v. State,* 682 S.W.2d 16, 19 (Mo.App.1984).

Aware that movant's statement would be admissible evidence that movant had originally claimed not to have been present when the victim was shot, movant's own "alibi" statement, regardless of how introduced, would have undermined the credibil-

ity of any self-defense claim presented at trial. Either movant was not present at the time of the murder, as he claimed in his statement to police, or he was there and killed her in self-defense or accidentally. It would have been illogical to proceed adamantly upon both claims.

■ Defense counsel was not derelict for deciding not to present evidence of a self-defense claim. Testimony by either movant or his two witnesses that Sharon had a violent temper and had threatened movant in support of a claim of self-defense is virtually worthless where movant had also stated that the victim was alive when he left her. The record refutes movant's allegations. An evidentiary hearing was unnecessary.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.