Jessie SMITH, Appellant,

v.

Jimmie JONES,
Superintendent, Appellee.

No. 89–2714.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1990.

Decided Jan. 10, 1991.

Joseph L. Walsh, III, St. Louis, Mo., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before FAGG, and BEAM, Circuit Judges, and ROY, District Judge.[*]

BEAM, Circuit Judge.

Jessie Smith appeals from the district court's denial of his request for the issuance of a writ of habeas corpus. *See* 28 U.S.C. § 2254 (1988). He contends that the district court erred in finding that all fourteen of his claims were procedurally barred and in dismissing his petition without an evidentiary hearing. We affirm. The district court correctly found that Smith defaulted on thirteen of his claims. Additionally, we find that the sole issue not defaulted upon in state court is without merit.

Smith was convicted of second degree murder and sentenced to twenty-five years in prison. He filed three separate 27.26 petitions in Missouri state court and, on the merits, filed one appeal to the Missouri Court of Appeals. Smith also filed one previous federal habeas petition which was dismissed because it contained unexhausted claims. Following his third state motion, Smith filed this petition, pro se.

The parties disagree about which claims were raised in state court. Although some of the issues clearly were not raised in the Missouri state courts, we find it unnecessary to resolve this disagreement because Smith has no available state remedy.[1] Of the claims raised in state court and included in the habeas petition before the district court, only one was appealed to the Missouri Court of Appeals.[2] The claims not presented to the Missouri courts and the claims presented in Smith's 27.26 motions and not appealed are procedurally barred. *See Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir.1988) (failure to appeal from denial of post-conviction motion in Missouri state court constitutes procedural default). Claims subject to procedural default are addressed by the federal court only when the petitioner can demonstrate cause for, and prejudice resulting from, the default. *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2643, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Smittie v. Lockhart,* 843 F.2d 295, 298 (8th Cir.1988). Although Smith asserts that he should be granted a hearing to present evidence of cause and prejudice, he makes only vague allegations

---

[*] The HONORABLE ELSIJANE T. ROY, Senior United States District Judge for the Eastern/Western Districts of Arkansas, sitting by designation.

[1.] Smith's third 27.26 motion was denied because the grounds raised could have been raised in his previous motions. Thus, the Missouri courts have refused to address the claims presented here and Smith has no available state remedy. A claim not presented in state court is exhausted if no state remedy is available. *Smittie v. Lockhart,* 843 F.2d 295, 296 (8th Cir.1988).

[2.] Following several procedural maneuvers, the Missouri Court of Appeals addressed the merits of Smith's 27.26 appeal:

In movant's sole issue he charges error in the denial of his Rule 27.26 motion without an evidentiary hearing because the files and the records in his case do not show conclusively that he was not entitled to the vacation of his judgment and sentence. Movant argues he was denied effective assistance of counsel because his court-appointed attorney failed to present the testimony of two witnesses and movant's own testimony to establish his claim of self-defense. The findings, conclusions and judgment of the trial court were not clearly erroneous, Rule 27.26(j), and movant's point is denied.

*Smith v. State,* 714 S.W.2d 834, 835 (Mo.Ct.App. 1986). Smith's claim that his attorney unreasonably failed to call the two witnesses was not presented in his habeas petition.

of ineffective assistance of counsel as cause and no allegations of prejudice. The allegations are insufficient to warrant an evidentiary hearing.

 The only claim that Smith properly preserved in state court and presented to the district court was the claim that counsel was constitutionally inadequate because he advised Smith not to testify at trial. The district court erroneously concluded that this claim was procedurally barred. However, the district court's failure to address the merits of this claim does not prevent us from considering it. Smith does not argue that there are unresolved factual disputes about this substantive claim. Because we find that Smith's claim of ineffective assistance of counsel can be resolved on the record, he is not entitled to an evidentiary hearing. *See Amos v. Minnesota,* 849 F.2d 1070, 1072 (8th Cir.), *cert. denied,* 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988) (evidentiary hearing not required where facts not in dispute or dispute can be resolved based on record).

In habeas corpus proceedings we must accept findings of fact made by state courts, including findings made by state appellate courts. 28 U.S.C. § 2254(d) (1988); *Brown v. Lockhart,* 781 F.2d 654, 658 (8th Cir.1986). In *Smith v. State,* 714 S.W.2d 834, 836 (Mo.Ct.App.1986), the court held that Smith's counsel made the strategic decision to proceed on an alibi theory instead of calling Smith and two other witnesses to testify regarding self-defense. Counsel apparently made this decision knowing that Smith's statement to the police that he was not present when the victim was shot would hurt his credibility if he testified that the killing occurred in self-defense. *Id.* We are bound by the state court's factual finding that counsel made a strategic choice not to call Smith to testify at his trial.

To prevail on a sixth amendment claim of constitutionally ineffective assistance of counsel, Smith must show that his counsel's actions were unreasonable and that he suffered prejudice as a result of counsel's deficiencies. *Strickland v. Washington,* 466 U.S. 668, 691–92, 104 S.Ct. 2052, 2066–

67, 80 L.Ed.2d 674 (1984). Counsel's strategic choice is entitled to great deference. In fact, "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690, 104 S.Ct. at 2066. Thus, we cannot say that counsel's decision not to call Smith was unreasonable.

The judgment of the district court is affirmed.