Jeffrey POLLARD, Plaintiff–Appellant,

v.

Bill ARMONTROUT; Jeremiah W. (Jay) Nixon, Defendants–Appellees.

No. 93–2426.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1993.

Decided Feb. 10, 1994.

---

5. The saddlebag was constructed of a hard, fiber-glass-type substance.

Counsel who presented argument on behalf of the appellant was Margaret P. Zoole, Kirkwood, MO.

Counsel who presented argument on behalf of the appellee was Stephen D. Hawke, Jefferson City, MO.

Before MAGILL, Circuit Judge, JOHN R. GIBSON *, Senior Circuit Judge, and HANSEN, Circuit Judge.

JOHN R. GIBSON, Senior Circuit Judge.

Jeffrey Pollard appeals from the district court's [1] denial of his request for the issuance of a writ of habeas corpus. *See* 28 U.S.C. § 2254 (1988). He raises various claims of ineffective assistance of counsel and illegal search and seizure. We affirm.

Pollard was convicted of sodomy and kidnapping in 1983, 719 S.W.2d 38. *See* Mo. Rev.Stat. §§ 566.060, 565.110 (1986). He was

---

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

1. The Honorable Edward L. Filippine, Chief Judge for the United States District Court, Eastern District of Missouri.

sentenced to two consecutive terms of thirty years in prison. In February 1990, Pollard filed a petition for writ of habeas corpus raising ten claims of ineffective assistance of counsel and one claim of illegal search and seizure. The district court referred the matter to a magistrate judge,[2] who considered all of the ineffective assistance of counsel claims on the merits and recommended that all except one be denied. The magistrate judge also found Pollard's illegal search and seizure claim procedurally barred. The district court thereafter referred the matter to another magistrate judge[3] for reconsideration on the one remaining ineffective assistance of counsel claim. Magistrate Judge Blanton recommended that this claim be denied as procedurally barred and without merit. The district court adopted the recommendations made by the magistrate judges. This timely appeal followed.

Pollard argues on appeal that his conviction should be reversed based on ineffective assistance of counsel and illegal search and seizure.

■ We review ineffective assistance of counsel claims under a de novo standard. *Laws v. Armontrout*, 863 F.2d 1377, 1381 (8th Cir.1988) (en banc), *cert. denied*, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989).

■ Before a petitioner can bring a federal habeas corpus action, he must exhaust his state remedies and present the same legal theories and factual bases to the state courts. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Kenley v. Armontrout*, 937 F.2d 1298, 1301 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 431, 116 L.Ed.2d 450 (1991). The federal courts may only address claims subject to procedural default when the petitioner can demonstrate cause for, and prejudice resulting from, the default. *Smith v. Jones*, 923 F.2d 588, 589 (8th Cir.1991); *see also Wainwright v. Sykes*,

433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).

■ Pollard raised ten claims of ineffective assistance of counsel which were considered and denied based on the merits. Pollard did not properly raise these ineffective assistance of counsel claims in the state courts and, accordingly, the district court should have required Pollard to overcome the procedural bar to federal habeas corpus review as a threshold matter. *See McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991). In *Maynard v. Lockhart*, 981 F.2d 981 (8th Cir. 1992), this court recently concluded that it is improper for a magistrate judge to consider a defaulted ineffective assistance of counsel claim without first finding cause for and prejudice from the default. *Id.* at 985. Because Pollard's claims were procedurally barred, and Pollard has not suggested any cause or actual prejudice for his failure to raise the claims properly in the state courts, the district court should not have reviewed the claims. Pollard only alleges he was denied an evidentiary hearing on the issues, but he has not shown that he has cause for his procedural default or that his counsel's actions actually affected the reliability of the trial leading to his conviction. *See Strickland*, 466 U.S. at 693–94, 104 S.Ct. at 2068 (explaining prejudice). Therefore, we cannot review his claims on the merits. Accordingly, we affirm the denial of Pollard's request for federal habeas relief for ineffective assistance of counsel.[4]

■ We would reach the same result even if we did consider these claims on the merits. To succeed on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must show that his counsel's assistance fell below an objective standard of reasonableness and that he suffered actual prejudice as a result of counsel's deficiencies.

---

2. The Honorable Robert S. Kingsland, United States Magistrate Judge for the Eastern District of Missouri.

3. The Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri, heard the case following the retirement of Magistrate Judge Kingsland.

4. In light of our conclusion that all of Pollard's claims of ineffective assistance of counsel were procedurally barred, we affirm the district court's denial of habeas relief on the one claim Magistrate Blanton reviewed on procedural grounds.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We give great deference to the strategic choices counsel has made after a thorough investigation of law and facts. *Id.* at 690, 104 S.Ct. at 2066. Pollard makes only vague allegations of ineffective assistance of counsel, including assertions that his counsel did not depose a potential witness, did not object to a leading question, and erroneously allowed the victim's mother to sit near him while he testified. The district court found, and our independent examination confirms, that Pollard has failed to demonstrate how his counsel's representation fell below an objective standard of reasonableness or prejudiced him. *See Smith,* 923 F.2d at 589–90. The errors alleged do not affirmatively show that there is a reasonable probability that the result of Pollard's trial would have been different but for counsel's errors. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Pollard also argues he is entitled to habeas relief because his conviction was obtained by the use of evidence gathered pursuant to an illegal search and seizure. The district court denied this claim as procedurally barred because Pollard failed to raise it properly in the state courts. We believe the district court properly denied Pollard habeas relief on this claim. Pollard has made no effort to demonstrate cause for, or prejudice from, the default. The allegations of error he asserts are insufficient to overcome the procedural bar and grant him the habeas relief he seeks.

We affirm the district court's denial of Pollard's request for the issuance of a writ of habeas corpus.