**BURNETTE TECHNO–METRICS, INC.,**
**an Alabama Corporation, Appellant,**

v.

**TSI INCORPORATED, a Minnesota**
**Corporation, Appellee.**

No. 94–1976.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1994.

Decided Dec. 29, 1994.

Richard Ostlund, Minneapolis, MN, argued (Randy G. Gullickson, on the brief), for appellant.

Gregory Merz, Minneapolis, MN, argued for appellee.

Before BEAM, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BEAM, Circuit Judge.

Burnette Techno–Metrics, Inc. ("BTM") appeals a district court[1] order granting summary judgment in favor of TSI, Incorporated ("TSI"). BTM argues that summary judgment on its breach of contract claim was improper in light of evidence that TSI's termination of the parties' agreement was "retaliatory," and was contrary to their oral understandings and course of dealing. Because the contract between BTM and TSI unambiguously provides for termination without cause, we affirm.

## I. BACKGROUND

BTM, an independent sales agency, sells electronic devices on behalf of a number of manufacturers. BTM began selling TSI's products in 1976 and, pursuant to a number of separate agreements, continued to do so for fifteen years. In 1991, a dispute arose between BTM and TSI involving the amount of BTM's commission on a particular sale and an attempt by TSI to reduce BTM's sales territory. TSI paid the disputed commission, but invoked the termination clause in the parties' 1989 "Sales Representative Agreement" and terminated the agreement as of August 31, 1991. The termination clause provides in relevant part: "Either party may terminate this agreement *without cause* at any time by giving to the other party written

---

* THE HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. BTM also sought relief based on promissory and equitable estoppel, unjust enrichment, and alleged violations of the Minnesota Sales Representative Act and the Alabama Sales Representative Act. The district court granted summary judgment in favor of TSI on all but the Alabama Sales Representative Act claim, which was subsequently settled and dismissed. We need not consider these claims. BTM concedes that it is not

notice of such termination at least sixty (60) days prior to the termination date." Joint Appendix at A–313 (emphasis added).

BTM then filed this diversity action claiming that TSI breached the 1989 agreement by terminating BTM in retaliation for BTM's position in the commission dispute.[2] The district court granted summary judgment in favor of TSI based upon its finding that the termination was permitted by the clear language of the agreement without regard to TSI's motives.[3]

## II. DISCUSSION

■ We review the entry of summary judgment de novo. The judgment is to be affirmed if, viewing the evidence in the light most favorable to BTM and giving BTM the benefit of all reasonable inferences, there is no genuine issue as to any material fact and TSI is entitled to judgment as a matter of law. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). To the extent it bears on our summary judgment analysis, the district court's determination of Minnesota law is also reviewed de novo. *Johnson v. Minnesota Historical Soc'y*, 931 F.2d 1239, 1245 (8th Cir.1991).

On appeal, BTM argues that the agreement does not permit retaliatory termination. BTM contends that "without cause" does not mean "for any reason" and does not mean that the termination clause may be used to retaliate against BTM for asserting its contract rights. To support this view, BTM relies on an implied covenant of good faith and fair dealing, public policy, and extrinsic evidence of the parties' oral understandings and course of dealing.

covered by the Minnesota Sales Representative Act and, though BTM's counsel mentioned them briefly at oral argument, estoppel and unjust enrichment were not properly raised on appeal. *See Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir.1985) (holding that a party's failure to raise or discuss an issue in his brief is deemed to be an abandonment of that issue).

3. The district court also found BTM's evidence insufficient, as a matter of law, to support a finding that the termination was a retaliatory measure. Because we agree with the district court that TSI's motives are not relevant, we need not consider this issue.

BTM's arguments are not persuasive. The implied covenant of good faith and fair dealing does not affect the clear language of the termination clause. "[W]hen a contract states that it may be terminated without cause, then unconscionability, not good faith, is the issue." *Mason v. Farmers Ins. Cos.*, 281 N.W.2d 344, 347 (Minn.1979). The implied covenant of good faith and fair dealing does not limit TSI's right to act in accordance with the bargained—for terms of the agreement.[4] Under Minnesota law, the implied covenant requires only "that one party not make it impossible for the other party to perform the contract." *American Warehousing and Distrib. Inc. v. Michael Ede Management, Inc.*, 414 N.W.2d 554, 557 (Minn.Ct.App.1987). TSI did not make it impossible for BTM to perform. Rather, TSI relieved BTM of its duty to perform by terminating the agreement in accordance with its express terms. *See Sports and Travel Mktg., Inc. v. Chicago Cutlery Co.*, 811 F.Supp. 1372, 1383 (D.Minn.1993).

BTM's public policy arguments are equally unpersuasive. The cases cited by BTM involve the public policy exception to employment at will. Because the relationship between TSI and BTM is not that of employer-employee, these cases are inapposite. The Minnesota courts have not seen fit to extend the public policy exception beyond the employment context, and we decline BTM's invitation to do so.

Finally, BTM's reliance on extrinsic evidence is misplaced. BTM argues that a TSI executive gave oral assurances to BTM that BTM would not be terminated absent good cause. The alleged oral assurances were made before the parties entered into the 1989 sales agreement. As such, admission of this evidence is barred by the parol evidence rule. *See RJM Sales & Mktg., Inc. v. Banfi Prod. Corp.*, 546 F.Supp. 1368, 1374 (D.Minn.1982). BTM also refers to other "oral agreements and understandings" and the parties' "long-term course of dealing." To the extent this evidence is not also barred by the parol evidence rule, it falls well short of establishing a jury question on the proper interpretation of the termination clause.

In sum, the language of the termination clause is clear and controlling. Though it may now regret having done so, BTM agreed to termination by either party without cause. The district court did not err in granting summary judgment in favor of TSI.

## III. CONCLUSION

For the foregoing reasons, the order of the district court is hereby affirmed.

---

4. A few courts have recognized that the implied covenant of good faith may restrict the use of termination provisions. *See Seaward Yacht Sales, Ltd. v. Murray Chris–Craft Cruisers, Inc.*, 701 F.Supp. 766 (D.Or.1988) (applying Oregon law); *Gambar Enters., Inc. v. Kelly Servs., Inc.*, 69 A.D.2d 297, 418 N.Y.S.2d 818 (1979) (applying Michigan law); *Hall v. Farmers Ins. Exchange*, 713 P.2d 1027 (Okla.1985). These cases are inconsistent with Minnesota law. Moreover, two of the decisions have been called into question in their own jurisdictions. *See Devery Implement Co. v. J.I. Case Co.*, 944 F.2d 724, 728–29 (10th Cir.1991) (recognizing that Oklahoma courts have limited *Hall* to its particular facts); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 938 (6th Cir.1989) (recognizing that Michigan courts have limited the rule relied upon in *Gambar* to situations where one of the parties lacked good faith at the time he or she bargained for the termination right).