_____

No. 94-1783
_____

Hillum Safat Qital Abdullah,  *
also known as Tommie Lee West,  *
                                *
        Appellee,               *
                                *  Appeal from the United States
    v.                          *  District Court for the
                                *  Eastern District of Missouri.
Michael Groose,                 *
                                *
        Appellant.              *

_____

Submitted:  May 23, 1995

Filed:  January 31, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON, McMILLIAN,
    FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, HANSEN, MORRIS
    SHEPPARD ARNOLD, and MURPHY, Circuit Judges, EN BANC.

_____

MAGILL, Circuit Judge.


    Michael Groose, Superintendent of the State of Missouri's
Jefferson City Correctional Center (the State), appeals the
district court's grant of a writ of habeas corpus to Hillum Safat
Qital Abdullah.  Because we believe that Abdullah is procedurally
barred from obtaining habeas relief on the Sixth Amendment claim,
we reverse.


                                I.


    This § 2254 habeas corpus appeal stems from Abdullah's
conviction in Missouri state court for unlawful use of a weapon in

-1-

violation of Mo. Rev. Stat. § 571.030.1(1) (1986). At his state court trial, Abdullah was originally represented by the public defender. Prior to trial, while in leg irons, Abdullah moved to dismiss his attorney and proceed pro se. After a general Faretta[1] inquiry, the court allowed Abdullah to proceed pro se. Immediately thereafter, the prosecutor moved to require that Abdullah remain in leg irons throughout the trial because he was under a ten-year sentence on a related matter and had attempted to escape from the same courthouse during a trial one year prior to this matter. The state trial court ordered Abdullah to proceed to trial with leg irons. Neither Abdullah nor his court-appointed attorney (who had not yet withdrawn) objected to this order. After a jury trial, Abdullah was convicted, and on February 27, 1987, he was sentenced to five years imprisonment as a persistent offender.

Abdullah pursued a direct appeal in state court, arguing, among other issues, that wearing leg irons during the state trial deprived him of his Fourteenth Amendment right to a fair trial. In his state appellate brief, Abdullah never argued that the trial court's order requiring him to wear leg irons implicated his Sixth Amendment right to counsel.[2] Instead, his arguments focused on a Fourteenth Amendment deprivation of the right to a fair trial

---

[1]Faretta v. United States, 422 U.S. 806 (1975). Faretta held that an accused has a constitutional right to proceed pro se under the Sixth Amendment. However, to represent himself, an accused must "knowingly and intelligently" waive his right to an attorney and "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Id. at 835 (internal quotation and citation omitted).

[2]The only reference made to Abdullah's proceeding pro se occurred in the introduction to his Fourteenth Amendment argument to the Missouri Court of Appeals. This reference states: "Thus, appellant was permitted to represent himself; however, during the course of his self-representation he was made to wear leg irons because of one rash act he had committed the previous year. The jury was never instructed or cautioned regarding appellant's appearance in leg irons." Resp. Ex. F at 15.

because the trial court did not consider less restrictive alternatives before ordering Abdullah to proceed to trial in leg irons. Resp. Ex. F. Abdullah cited five state cases[3] and two United States Supreme Court cases[4] in support of this Fourteenth Amendment claim. In response, the State argued that Abdullah waived this issue by failing to contemporaneously object and that, in any event, the trial court was within its discretion in ordering leg irons because Abdullah had attempted to escape on a prior occasion. Resp. Ex. G. Because Abdullah had not objected to the order requiring leg irons at trial, the Missouri Court of Appeals reviewed this claim for plain error resulting in manifest injustice under Mo. R. Crim. P. 29.12(b). In undertaking this review, the Missouri Court of Appeals noted: "In light of the overwhelming proof of defendant's guilt, we find [no plain error resulting in manifest injustice]," and affirmed Abdullah's conviction. State v. West, 743 S.W.2d 592, 594 (Mo. App. 1988). In its decision, the Missouri Court of Appeals did not cite federal law.

Abdullah then petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (1988). The district court, adopting the recommendations of the magistrate judge, determined that although Abdullah failed to object to the leg irons at trial, he was not procedurally barred from raising this claim because the Missouri appellate court's discretionary review of the claim constituted a review on the merits. Appellant's Addendum at 16-20. However, the district court did not condition its grant of habeas relief on a finding that the State violated Abdullah's constitutional rights to due process by requiring him to proceed to trial in leg irons.

---

[3]State v. Gilmore, 661 S.W.2d 519 (Mo. banc 1983), cert. denied, 466 U.S. 945 (1984); State v. Boyd, 256 S.W.2d 765 (Mo. banc 1953); State v. Kring, 64 Mo. 591 (Mo. 1877); State v. Wendel, 532 S.W.2d 838 (Mo. App. 1975); State v. Borman, 529 S.W.2d 192 (Mo. App. 1975).

[4]Estelle v. Williams, 425 U.S. 501 (1976); Drope v. Missouri, 420 U.S. 162 (1975).

Rather, the district court determined sua sponte, rejecting the State's Teague[5] "new rule" arguments, that Abdullah was entitled to habeas relief because his Sixth Amendment rights were violated in that he did not knowingly and intelligently exercise his right of self-representation since the state trial court did not include the dangers of proceeding pro se in leg irons in its Faretta colloquy.

The State appealed, asserting that: Abdullah was procedurally barred from asserting this claim; the district court's decision announced a new rule in violation of Teague; and the district court failed to apply the harmless error review standard mandated by Brecht v. Abrahamson, 113 S. Ct. 1710 (1993). A panel majority affirmed the district court's grant of a writ of habeas corpus. Abdullah v. Groose, 44 F.3d 692 (8th Cir. 1995).[6] This rehearing en banc followed, and we reverse.

## II.

Before a state prisoner is entitled to federal habeas corpus relief, he must first exhaust his state remedies and present the habeas claim to the state court. Pollard v. Armontrout, 16 F.3d 295, 297 (8th Cir. 1994). When reviewing a federal habeas corpus petition, we can usually only consider "those claims which the petitioner has presented to the state court in accordance with state procedural rules." Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992). If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issues now. We will not review a procedurally defaulted habeas claim because "a habeas petitioner

---

[5]Teague v. Lane, 489 U.S. 288 (1989). Teague holds that new rules of criminal procedure will not be applied retroactively in habeas corpus petitions. Id. at 310.

[6]This opinion was vacated on March 24, 1995, when the Court granted the petition for rehearing en banc.

who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994) (internal quotation and citation omitted). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

As such, Abdullah is procedurally barred from obtaining habeas relief on his Sixth Amendment claim unless he presented the claim to the Missouri state court, or can demonstrate cause and prejudice for the default or that a fundamental miscarriage of justice will occur.

### A.  Fairly Present Claims to State Court

In order to present a habeas claim to the state court, a prisoner must "fairly present" not only the facts, but also the substance of his federal habeas corpus claim. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). In this circuit, to satisfy the "fairly presented" requirement, Abdullah was required to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in the Missouri state court. Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (internal quotation and citation omitted). Furthermore, presenting a claim to the state courts that is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement. Duncan v. Henry, 115 S. Ct. 887, 888 (1995) (per curiam).

-5-

On direct appeal to the Missouri Court of Appeals, Abdullah raised three issues: (1) erroneous admission of other crimes evidence; (2) improper prosecutorial comment on the other crimes evidence; and (3) a Fourteenth Amendment due process challenge to the trial court's order requiring leg irons. As discussed earlier, Abdullah's challenge to the leg irons in state court focused solely on Fourteenth Amendment due process grounds. His state brief does not contain any arguments that (1) his waiver of counsel under Faretta was neither knowing nor intelligent because the trial court ordered him to proceed pro se in leg irons; (2) refer to the Sixth Amendment; (3) refer to a federal case involving Faretta; or (4) refer to a state court case raising a Sixth Amendment issue. Likewise, the state court opinion contains no reference to the Sixth Amendment or any other federal law.

Accordingly, we believe that Abdullah failed to "fairly present" his Sixth Amendment claim under Faretta to the Missouri state court.[7] Although Abdullah presented his Fourteenth Amendment due process claim concerning his appearance at trial in leg irons, this does not encompass his Sixth Amendment claim that his Faretta rights were violated even though the claims are based on the same underlying factual basis. See Ashker, 5 F.3d at 1179-80 (alleging Fourteenth Amendment due process violation for improper admission of hearsay does not present confrontation clause claim). The

---

[7]At the district court level, Abdullah's arguments concerning the leg irons focused on a Fourteenth Amendment due process challenge and did not raise a Sixth Amendment right to counsel argument. The district court apparently independently determined that Abdullah's Sixth Amendment rights were violated. However, we do not believe this has any impact on the procedural bar analysis. To be entitled to habeas relief on a Sixth Amendment claim, Abdullah was required to first present the legal substance of this claim to the state courts so that Missouri had the first opportunity to correct any perceived constitutional errors. That the district court, as opposed to Abdullah, raised the Sixth Amendment issue does not relieve Abdullah from any procedural bar for failing to present his Sixth Amendment claim to the state court.

-6-

Ashker court noted that confrontation-clause analysis is a separate analysis that does not necessarily overlap with a hearsay analysis. Id. at 1180.

It goes without saying that a due process leg irons analysis is separate and distinct from a Faretta analysis. The Fourteenth Amendment due process challenge requires balancing the possibility of prejudice resulting from the leg irons against "the need to maintain order in the courtroom and custody over incarcerated persons." United States v. Stewart, 20 F.3d 911, 915 (8th Cir. 1994). On the other hand, determining whether a defendant properly elected to proceed pro se under Faretta requires determining whether the defendant's waiver of counsel was knowingly, intelligently and voluntarily made. United States v. Yagow, 953 F.2d 427, 430 (8th Cir.), cert. denied, 113 S. Ct. 103 (1992).

There is no overlap between the two inquiries. As such, Abdullah deprived the Missouri state courts of the first opportunity to address his Sixth Amendment claim. Thus, Abdullah failed to fairly present his Sixth Amendment claim to the Missouri state courts. See Duncan, 115 S. Ct. at 888 (arguing to state court that evidentiary error amounted to miscarriage of justice under state law did not fairly present federal due process claim).

## B. Available State Remedies

Because Abdullah failed to fairly present his Sixth Amendment claim to the state court, we must determine whether he may present this claim to the state court now. If he is precluded by a state procedural rule, Abdullah is procedurally barred from obtaining habeas relief on his Sixth Amendment claim unless he can demonstrate cause and prejudice or that a miscarriage of justice will occur if we do not consider the merits of this claim. Satter, 977 F.2d at 1262.

Abdullah has no non-futile state remedies available to him. Abdullah has already pursued his direct appeal in West, 743 S.W.2d 592. Abdullah is time-barred from pursuing any state postconviction relief under Mo. R. Crim. P. 29.15. Rule 29.15 is the exclusive procedure in Missouri to allege that "the conviction or sentence imposed violate the constitution and laws of this state or the constitution of the United States." Mo. R. Crim. P. 29.15(a). Abdullah was sentenced on the underlying state charge on February 27, 1987. Resp. Ex. B. Pursuant to Rule 29.15(m), Abdullah had until June 30, 1988, to file a Rule 29.15 motion. Abdullah's failure to file this motion constitutes a complete waiver of the right to proceed under Rule 29.15.[8] Therefore, Abdullah has defaulted his Sixth Amendment claim by failing to pursue it in a Rule 29.15 motion.

## C. Cause

Accordingly, the next question is whether Abdullah has shown sufficient cause to excuse his failure to raise his Sixth Amendment claim in state court. Abdullah offers no reason why he failed to present his Sixth Amendment claim to the state court. In his Reply in Opposition to Suggestion for Rehearing En Banc, Abdullah simply asserts that "Petitioner raised the full range of Constitutional

---

[8]Rule 29.15(m) provides:

This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1988. If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15. If a sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed.

-8-

questions raised by the state court's order that the Petitioner stand trial and defend himself while shackled in leg irons before the jury."  However, as noted above, Abdullah only presented his Fourteenth Amendment due process challenge to the state court; he did not present his Sixth Amendment right to counsel claim.  Thus, since Abdullah has offered no cause for his failure to raise his Sixth Amendment claim at the state level, it is procedurally barred and we do not consider whether Abdullah has shown prejudice.[9]

## III.

For the foregoing reasons, the district court's grant of a writ of habeas corpus is reversed, the order for a new trial is vacated, and the case is remanded with instructions to dismiss the petition for writ of habeas corpus as procedurally barred.

JOHN R. GIBSON, Circuit Judge, with whom McMILLIAN, Circuit Judge, joins, dissenting.

I respectfully dissent.

It must first be said that the court today decides a completely different case than was decided by the panel.

The Court flies in the face of long-standing precedents of this circuit to reach its result, and in doing so, severely tilts the playing field against Abdullah.  It denies Abdullah relief because he did not tell the Missouri Court of Appeals clearly enough what legal theory underlay his objection.  Astonishingly, the Court accepts a theory that the State of Missouri did not raise until its motion for rehearing.

---

[9]Nor does Abdullah meet the fundamental miscarriage of justice exception because he has made no showing that he is actually innocent of the underlying state crime for which he was convicted, unlawful use of a weapon.  See Satter, 977 F.2d at 1262.

The State argued before the panel that Abdullah committed procedural default <u>at</u> <u>trial</u> by his failure to object to the shackling, and the Missouri Court of Appeals plain error review did not waive the trial default. We read the State's brief as conceding that Abdullah adequately raised the shackling issue before the Missouri Court of Appeals:

> [Abdullah] had failed to object at trial to the trial judge's ruling of which he sought to complain in federal habeas corpus. [The State] recognized that [Abdullah] had sought to raise this grievance on direct appeal, but also reported that the Missouri Court of Appeals had held that because the grievance was not preserved for appeal, it could be considered only under the "plain error" standard. (Citations omitted).

For the first time, in its motion for rehearing, the State substituted a new legal theory based on Abdullah's procedural default <u>in the Missouri Court of Appeals</u> and abandoned its earlier theory about Abdullah's procedural default <u>at trial</u>.

If a party fails to raise or discuss an issue on appeal, we deem him to have abandoned the issue. <u>Burnette Techno-Metrics, Inc. v. TSI Inc.</u>, 44 F.3d 641, 642 n.2 (8th Cir. 1994); <u>Jasperson v. Purolator Courier Corp.</u>, 765 F.2d 736, 740 (8th Cir. 1985); <u>Pedicord v. Swenson</u>, 431 F.2d 92, 93 (8th Cir. 1970). It is too late to raise new arguments on motion for rehearing. <u>See</u> <u>Jamestown Farmers Elevator, Inc. v. General Mills, Inc.</u>, 552 F.2d 1285, 1296 (8th Cir. 1977); <u>see</u> <u>also</u> <u>Weiner v. Eastern Arkansas Planting Co.</u>, 975 F.2d 1350, 1357 n.6 (8th Cir. 1992) (arguments must ordinarily be raised in party's opening brief, rather than reply); <u>Harstad v. First American Bank</u>, 39 F.3d 898, 905 (8th Cir. 1994) (party cannot raise arguments for first time in Fed. Rule App. P. 28(j) letter); 9 James Wm. Moore and Bernard J. Ward, <u>Moore's</u> <u>Federal</u> <u>Practice</u> ¶ 228.02[2] and n.7 (2d ed. 1995).

Today the court turns its back on that long settled precedent.

-10-

There are, of course, situations in which we permit an argument to be raised late or even raise it <u>sua</u> <u>sponte</u>. For instance, appellate courts sometimes raise legal questions <u>sua</u> <u>sponte</u> to avoid garbling the law. <u>See</u> <u>United States Nat'l Bank of Oregon v. Independence Ins. Agents</u>, 113 S. Ct. 2173, 2178-79 (1993). However, this is not a case where the Court corrects the parties' erroneous statements of the law.

The state did not assert before the panel that Abdullah was in procedural default in his briefs and argument before the Missouri Court of Appeals. Procedural default is waivable. <u>See</u> <u>Vick v. Lockhart</u>, 952 F.2d 999, 1002 n.2 (8th Cir. 1991); <u>Wealot v. Armontrout</u>, 948 F.2d 497, 499 (8th Cir. 1991); 2 James S. Liebman and Randy Hertz, <u>Federal Habeas Corpus Practice and Procedure</u> § 26.2 ¶a (2d ed. 1994). Failure to assert this theory waives the State's rights, just as a defendant's failure to object to error at trial can prejudice his rights. The court allows the State to unwaive a waivable and, indeed, a waived defense.

We have implied that we would perhaps consider arguments a party failed to raise properly if our failure to consider the argument would result in a miscarriage of justice. <u>See</u> <u>Smith v. American Guild of Variety Artists</u>, 368 F.2d 511, 515 (8th Cir. 1966) (declining to consider argument not raised where enforcing waiver would not result in miscarriage of justice), <u>cert. denied</u>, 387 U.S. 931 (1967). There would certainly be no miscarriage of justice from holding the State to the same principle it seeks to enforce on Abdullah.

It is not enough for the State merely to intone the mantra "procedural default" when it did not identify before the panel the facts that constitute the default--for, as Abdullah can attest after today, this Court requires parties to state their legal theories with some precision.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.