# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4071

_____

|  |  |  |
|---|---|---|
| James Steven Corder, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Rusty Rogerson, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: June 14, 1999

Filed: October 7, 1999

_____

Before RICHARD S. ARNOLD and LOKEN, Circuit Judges, and BYRNE,[*] District Judge.

_____

LOKEN, Circuit Judge.

Iowa inmate James Steven Corder is serving a life sentence for killing his stepmother and burning their family residence when he was sixteen years old. Corder was tried as an adult and convicted of murder and arson after an Iowa juvenile court granted the State's motion to waive jurisdiction. On March 22, 1997, Corder delivered a petition for a federal writ of habeas corpus to prison officials for mailing to the district

_____

[*]The HONORABLE WILLIAM MATTHEW BYRNE, JR., United States District Judge for the Central District of California, sitting by designation.

court. The petition was timely under the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d); Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (en banc). Corder now appeals the district court's[1] denial of that petition, arguing that the juvenile court denied him due process in waiving its jurisdiction. We affirm.

**I.**

The crime occurred on March 25, 1987. On April 13, the State filed a Petition Alleging Delinquent Act against Corder in the Juvenile Division of the Jackson County District Court. The Court issued a warrant for Corder's arrest after finding probable cause to believe that he had committed murder and arson based upon an affidavit by an Iowa criminal investigator describing incriminating evidence and witness statements. On April 15, the juvenile court issued a detention order pursuant to Iowa Code § 232.44, making the findings required by Iowa Code § 232.22(1)(d). The detention order recited that the court "has heretofore made a probable cause finding in approving the State's complaint and issuing a warrant." On April 16, the State filed a motion asking the juvenile court to waive its jurisdiction so that Corder could be tried as an adult. See Iowa Code § 232.45. After a hearing at which Corder was represented by appointed counsel, the juvenile court granted that motion. In making the probable cause determination required by § 232.45, the court relied upon the probable cause determination in its previous detention order. Use of that procedure is the principal due process issue raised in this appeal.

Corder was then tried as an adult, and a jury convicted him of first degree murder and second degree arson. He appealed, contending that the juvenile court denied him due process in waiving jurisdiction because it found probable cause on the basis of the State's complaint and affidavit, without hearing any witnesses. The Iowa

---

[1]The HONORABLE MICHAEL J. MELLOY, Chief Judge of the United States District Court for the Northern District of Iowa.

Court of Appeals affirmed. In February 1995, the Iowa Court of Appeals also affirmed the trial court's denial of Corder's application for state post-conviction relief, an application that did not revisit the juvenile court's proceedings. Corder then filed this federal habeas petition. The district court denied relief but granted a certificate of appealability on the question whether Corder's "due process rights were violated in the waiver process by which [he] was transferred from juvenile to district court."

## II.

"There is no doubt that the Due Process Clause is applicable in juvenile proceedings." Schall v. Martin, 467 U.S. 253, 263 (1984). The problem is to determine how much process is due in a particular type of juvenile proceeding. In Kent v. United States, 383 U.S. 541, 556 (1966), the Supreme Court observed that a juvenile court's decision to waive its jurisdiction so that a youthful offender may be tried as an adult, though civil rather than criminal in nature, "is a 'critically important' action determining vitally important statutory rights of the juvenile." Therefore, the Court concluded that, while a juvenile is not entitled to all the constitutional guarantees that attend a criminal trial, "as a condition to a valid waiver order, petitioner was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the Juvenile Court's decision." Kent, 383 U.S. at 557. Kent was based upon the Court's construction of a District of Columbia statute, but the Court has since referred to Kent as a Due Process Clause decision. See Schall, 467 U.S. at 277. Consistent with Kent, Iowa Code § 232.45 requires a waiver hearing, provides that the juvenile's counsel must have timely access to the probation officer's report and to "all written material to be considered by the court," prescribes statutory factors upon which the waiver decision must be based, and requires that a juvenile court waiving jurisdiction must "file written findings as to its reasons." It is undisputed that the Jackson County juvenile court complied with these statutory procedures in deciding to waive its jurisdiction over Corder.

-3-

On appeal, Corder makes two due process arguments that go beyond the four corners of the Supreme Court's decision in Kent. First, he contends the juvenile court lacked a proper evidentiary basis for the probable cause determination that must be made under state law. The Iowa statute provides that a juvenile court may waive its jurisdiction only if "[t]he court determines, *or has previously determined in a detention hearing under section 232.44,* that there is probable cause to believe that the child has committed a delinquent act which would constitute" an offense warranting trial as an adult. Iowa Code § 232.45(6)(b) (emphasis added). At Corder's waiver hearing, the court based this determination on the probable cause determination made at the prior detention hearing, which in turn was based upon the probable cause found in issuing a warrant for Corder's arrest. Corder argues this procedure denied him due process because he was not afforded an opportunity to confront and cross-examine the State's probable cause witnesses at the waiver hearing.

In rejecting this argument, the Iowa Court of Appeals analyzed the Supreme Court's decisions in Kent and Breed v. Jones, 421 U.S. 519, 537 (1975),[2] and concluded that confrontation is not one of the "panoply of trial rights" that is applicable to juvenile waiver proceedings. Under the recent amendments to the federal habeas corpus statute, our review of this Iowa Court of Appeals decision is limited to determining whether its conclusion "resulted in a decision that was contrary to, or

_____

[2]In Breed, the Court held that if a waiver hearing is adjudicatory in nature, jeopardy will attach and bar a subsequent criminal prosecution of the juvenile as an adult. In thus concluding that a prior waiver hearing must be non-adjudicatory, the Court observed, "nothing decided today forecloses States from requiring, as a prerequisite to the transfer of a juvenile [to adult court], substantial evidence that he committed the offense charged, so long as the showing required is not made in an adjudicatory proceeding." Breed, 421 U.S. at 538 n.18. Of course, requiring confrontation and cross examination of the State's probable cause witnesses, as Corder urges, would make the waiver hearing adjudicatory, or come dangerously close to doing so.

-4-

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Applying that standard, we must reject Corder's contention.

The Iowa statute and Corder's waiver hearing complied with the requirements of Kent, where the Supreme Court emphasized that a waiver hearing need not "conform with all of the requirements of a criminal trial or even of the usual administrative hearing." Kent, 383 U.S. at 562. Corder relies upon In re Gault, 387 U.S. 1, 56-57 (1967), a Due Process Clause case in which the Court held that "confrontation and sworn testimony by witnesses available for cross-examination [are] essential for a finding of 'delinquency.'" But the determination of delinquency is the juvenile court equivalent of a criminal conviction, "with the consequence that [the juvenile] may be committed to a state institution." Gault, 387 U.S. at 13. By contrast, probable cause is a preliminary determination, usually made in deciding whether to issue a warrant or to detain a defendant prior to trial. In those contexts, "the full panoply of adversary safeguards," such as confrontation and cross-examination, "are not essential for the probable cause determination required by the Fourth Amendment." Instead, probable cause "traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof." Gerstein v. Pugh, 420 U.S. 103, 119-20 (1975).

Although Gerstein concerned the determination of probable cause in adult rather than juvenile proceedings, we have no reason to believe the Supreme Court would impose a different constitutional standard for juvenile waiver hearings, particularly in light of the double jeopardy hazard defined in Breed. See generally Government of the Virgin Islands ex rel. A.M., 34 F.3d 153, 161 (3rd Cir. 1994). Therefore, we conclude that the Iowa Court of Appeals decision was neither "contrary to" nor "an unreasonable application of" the Supreme Court's juvenile court due process decisions. See Long v. Humphrey, No. 98-3409, 1999 WL 494096, at *2 (8th Cir. July 14, 1999) (standard of review). Indeed, we agree with the state court that the

Iowa procedure for determining probable cause in a juvenile court waiver proceeding is constitutionally permissible.

Second, Corder argues the juvenile court denied him due process when it denied his motion for a continuance of the waiver hearing so that he could obtain discovery and a psychiatric examination. We reject this contention for three reasons. First, this federal constitutional claim was not presented to the state courts. The Iowa Court of Appeals considered only whether the juvenile court abused its discretion under state law in denying a continuance and refusing to order a psychiatric examination. As Corder did not "fairly present" these constitutional claims to the state court, they are procedurally defaulted, and Corder does not even attempt to show cause and prejudice excusing the default. See 28 U.S.C. § 2254(c); O'Sullivan v. Boerckel, 119 S.Ct 1728, 1732-33 (1999); Abdullah v. Groose, 75 F.3d 408, 411-12 (8th Cir.) (en banc), cert. denied, 517 U.S. 1215 (1996). Second, even if the issue were not defaulted, and assuming the due process right to a waiver hearing might in an extreme case include the right to a continuance or a psychiatric examination, the juvenile court record reveals that Corder made no such showing in this case. Finally, the juvenile court granted the State's motion to waive its jurisdiction because any sentence imposed by that court would terminate on Corder's eighteenth birthday, see Iowa Code § 232.53, and therefore the juvenile justice system was "inadequate to deal with the seriousness of the charges pending" against him. As this finding would not have been affected by the requested continuance and psychiatric exam, any error was harmless.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-