# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1832

———————

| | | |
|---|---|---|
| Clyde Phillip Cox, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Ken Burger, Warden, | * | |
| | * | |
| Appellee. | * | |

———————

Submitted: November 16, 2004
Filed: February 17, 2005

———————

Before SMITH, BEAM, and BENTON, Circuit Judges.

———————

SMITH, Circuit Judge.

An Iowa jury convicted Clyde Phillip Cox of first-degree murder and sentenced him to life imprisonment without parole. Following unsuccessful state appeals, Cox filed a petition in federal district court for relief under 28 U.S.C. § 2254, which was denied. However, the district court[1] issued a certificate of appealability. On appeal, Cox raises four procedural and constitutional claims. We find no merit in Cox's arguments and affirm Cox's conviction.

———————

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

## I. *Background*

During the early morning hours of June 2, 1991, Cox and his girlfriend, Dollie Fields, were drinking at a Des Moines bar. An argument erupted between Fields and Kenneth Jackson, son of the bartender. Fields and Jackson took their argument outside. Fields pulled a .32 caliber pistol from her purse and fired a warning shot over Jackson's head. The conflict turned physical as Cox and Jackson began to fight. Fortunately, the two were separated by Art Chaney, another bar patron.

The combatants at first seemed to go their separate ways, but Fields and Jackson soon resumed wrangling. Jackson then tore his shirt off and advanced on Fields. Fields again took out her gun and fired another warning shot above Jackson's head. Chaney once again intervened. Jackson, Fields, and Chaney wrestled for control of the gun with Chaney managing to reach the trigger, discharging it. Chaney intended to empty the gun so that no one would be harmed. In the mean time however, Cox went to his vehicle, retrieved his own pistol and, according to Tony Dameron, shot Jackson in the face. Chaney testified that while he and Fields struggled, he saw a white person's hand fire a gun to his side or over his shoulder. Cox was the only white person present. Chaney also testified that the bullet hit Jackson in the face. Chaney identified Cox as the person who fired the gun. According to expert testimony, Jackson was probably shot with a .32 caliber revolver.

Cox's first trial ended in a mistrial and Cox was retried. Dameron was unavailable for the second trial, but the state obtained admission of his testimony from the first. Cox admitted that he had previously owned a .32 and a .38 caliber revolver but contended he no longer had the .32 at the time of the shooting. Cox claimed he had crushed the .32 in a vise, put the pieces in a coffee can, and threw the can into the trash long before the date of the shooting. Cox further testified that on the night of the shooting, when he reached the scene of the struggle with his .38, Jackson had already been shot.

Cox's fourteen-year-old son, Phillip, testified that he saw both the .32 and the .38 in a drawer under Cox's waterbed only two days before the shooting. Phillip also testified that he had never known Cox to destroy or discard a gun. Cox was convicted of first degree murder and sentenced to life imprisonment without parole. The conviction was affirmed on direct appeal. *State v. Cox*, No. 91-1202 (Iowa Ct. App. November 30, 1992) (unpublished).

Cox filed four petitions for post-conviction relief in Iowa. The first was denied and affirmed on appeal to the Court of Appeals of Iowa. *Cox v. Iowa*, 554 N.W.2d 712 (Iowa Ct. App. 1996). The next two were dismissed by the trial court and affirmed by the Iowa Supreme Court without opinion. *Cox v. Iowa*, No. 98-1458 (Iowa April 12, 1999) (unpublished). The fourth petition alleged newly discovered evidence. It was also denied by the trial court and affirmed on appeal. *Cox v. Iowa*, No. 01-0601 (Iowa Ct. App. May 15, 2002) (unpublished). The state trial court also denied Cox's application for further review.

Cox then filed the instant action as a pro se habeas petition in the United States District Court for the Southern District of Iowa. The court appointed counsel for Cox, but denied his request for an evidentiary hearing to develop facts to support a claim of ineffective assistance of post-conviction counsel. The district judge denied relief. Cox appeals arguing various Sixth Amendment and habeas corpus procedural issues which we now address.

II. *Discussion*

We review a district court's denial of habeas relief for clear error in the case of findings of fact, and de novo for questions of law or for mixed questions of law and fact. *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002); *Herrin v. United States*, 349 F.3d 544, 546 (8th Cir. 2003). Upon review, state court factual findings 'carry a presumption of correctness that will be rebutted only by clear and convincing evidence.' *Whitfield v. Bowersox*, 324 F.3d 1009, 1012 (8th Cir. 2003) (citations

omitted). We review the denial of an evidentiary hearing for abuse of discretion. *Newton v. Kemna*, 354 F.3d 776, 785 (8th Cir. 2004).

### A. *Protection of the Sixth Amendment Confrontation Clause*

Cox argues that the trial court's admission of Dameron's testimony in his second trial, as an unavailable witness, violated his right under the Confrontation Clause of the Sixth Amendment. Dameron testified that Cox went to his car and removed either a .32 or .38 caliber gun, returned, and shot Jackson at close range. Cox changed his defense strategy in the second trial. Cox did not claim, as he did in the first trial, that he did not have a weapon, but instead insisted that the weapon he had was a .38, while Jackson was killed by a .32. Consequently, Cox contends he no longer had a similar motive to develop the testimony on cross-examination in the second trial as he had in the first. We disagree.

The Constitution is satisfied if the declarant is unavailable and his statement has adequate indicia of reliability. *Ohio v. Roberts*, 448 U.S. 56, 63–65 (1980) (generally expounding on the Confrontation Clause). If the statement falls within a firmly rooted hearsay exception, reliability may be presumed. *Idaho v. Wright*, 497 U.S. 805, 814–15 (1990). Iowa Rule of Evidence 804(b)(1) is such a firmly rooted hearsay exception. That Rule provides that previous testimony is not excluded as hearsay if the witness is unavailable and the opposing party had the opportunity and similar motive to develop that testimony through direct, cross, and redirect examination.

Dameron was thoroughly examined in the first trial. The record shows thirty-two pages of direct examination, fifty-five pages of cross-examination by Cox, and forty-six pages of cross-examination by Field's counsel. Although Cox changed his trial strategy, the change did not substantially alter his motive for examining the witness for the accuracy of his recollection of the shooting. Dameron testified that he saw Cox with a firearm but did not know whether it was a .32 or .38 caliber. At the

second trial, Cox conceded he had a firearm but argued it was not a .32. Cox makes no showing how Dameron's testimony may have differed given his altered motive for examination in the second trial.

B. *Adjudication on the Merits Reviewed Under the Deferential Standard of the Antiterrorism and Effective Death Penalty Act (AEDPA)*

Cox also argues that the Iowa Court of Appeals failed to directly address the constitutional implications of his Confrontation Clause claim and thus did not adjudicate it on the merits. If not adjudicated on the merits, the district court would be obligated to review Cox's claim under the less deferential pre-AEDPA standard.[2] *Brown v. Luebbers*, 371 F.3d at 458, 469 (8th Cir. 2004); *Armstrong v. Kemna*, 365 F.3d 622, 626 (8th Cir. 2004) (when a state court has not addressed an issue, a federal court cannot apply the deferential AEDPA standard). Cox asserts that the district court erred in reviewing this claim under the deferential standard of AEDPA.[3] Cox misconstrues the relevant precedents.

---

[2]Under AEDPA, 28 U.S.C. § 2254(d), habeas relief cannot be granted on any claim adjudicated on the merits in state court unless the decision 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). A state court decision is 'contrary to' established Federal law if it either arrives at a result opposite to that reached by [the Supreme Court] on a question of law or if the state court arrives at a result opposite to one reached by the Supreme Court on materially indistinguishable facts.' *Hall*, 296 F.3d at 692 (internal citation and quotations omitted). An unreasonable application of the law is not the same as an incorrect one, *Penry v. Johnson*, 532 U.S. 782, 793 (2001), and habeas relief will not be granted for an incorrect application of the law. *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

[3]28 U.S.C. 2254(d) (AEDPA limited and deferential review).

The pertinent question is not whether the Iowa Court of Appeals explicitly discussed the Confrontation Clause but whether its decision contradicted applicable Supreme Court precedent in its reasoning or result. A reasonable application of established federal law 'does not require citation of [United States Supreme Court] cases–indeed, it does not even require *awareness* of [these] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.' *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam); *Brown*, 371 F.3d at 467. Based upon our review of the record, the Iowa Court of Appeals effectively adjudicated Cox's Confrontation Clause claim on the merits through its analysis of Iowa Rule of Evidence 804(b)(1). Cox does not show how the Iowa court's analysis of the claim did not comport with established federal Confrontation Clause law. Therefore, the district court properly reviewed and dismissed it under the deferential standard of AEDPA.

### C. *Evidentiary Hearing to Develop A Claim of Ineffective Assistance of State Post-conviction Relief Counsel*

Cox maintains ineffective assistance of counsel caused his failure to raise post-conviction claims in the Iowa appellate courts. He further argues that the district court erred in not granting him an evidentiary hearing to demonstrate counsel's ineffectiveness. Cox is incorrect. The district court's power to conduct an evidentiary hearing is sharply limited by 28 U.S.C. § 2254(e)(2)(B). *Perry v. Kemna*, 356 F.3d 880, 889 (8th Cir. 2004). A habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts. 28 U.S.C. § 2254(e)(2). Additionally, the petitioner must show by clear and convincing evidence that, in the absence of the constitutional error, no reasonable factfinder would have found him guilty. *Id*. Cox made no such showing. Moreover, Cox's request for an evidentiary hearing was sought on the basis of ineffective assistance of post-conviction counsel. There is no federal constitutional right to post-conviction counsel. *Coleman v. Thompson*, 501

U.S. 722, 752 (1991); 28 U.S.C. § 2254(i) (ineffective assistance of post-conviction counsel is not a ground for habeas relief). 'It is well settled that there is no constitutional right to an attorney in state post-conviction proceedings.' *Mack v. Caspari*, 92 F.3d 637, 640 (8th Cir. 1996) (citing *Coleman*, 501 U.S. at 752 and omitting internal quotations). The district court did not err in denying habeas relief on this basis.

### D. *The Procedural Bar and Recantation Claim*

Phillip testified that his father owned both a .32 and a .38 caliber gun and that he saw the guns in Cox's possession two days prior to Jackson's murder. Ten years later, during the state post-conviction hearing, Phillip claimed he lied about seeing the weapons in Cox's possession because he was angry with Cox. The trial court ruled Phillip's recantation was not credible and, even if believed, would not change the verdict. In a state appeal, Cox challenged this decision but never argued that his recantation claim was constitutional error. The Iowa Court of Appeals affirmed.

The district court correctly determined that Cox had procedurally defaulted his recantation claim for failure to raise it in his state appeal as constitutional error. A claim is procedurally defaulted if not fairly presented in state court before raising it in federal court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc). To be fairly presented 'a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.' *Barrett v. Acevedo*, 169 F.3d 1155, 1161–62 (8th Cir.), *cert. denied*, 528 U.S. 846 (1999) (citing *Abdullah*, 75 F.3d at 411–12). Cox failed to meet this requirement.

In his final argument, Cox contends that Phillip's recantation of his trial testimony ten years after Cox's conviction entitles him to a new trial because it could

establish actual innocence under *Herrera v. Collins*, 506 U.S. 390 (1993) and *Schlup v. Delo*, 513 U.S. 298 (1995). Procedural default is a bar to a claim unless that claim falls into several narrow exceptions. *Coleman*, 501 U.S at 750. One notable exception is actual innocence. Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice. *Id.* Cox argued his actual innocence under *Herrera* and *Schlup*.

*Herrera* claims are of a substantive nature (actual innocence), while *Schlup* claims are of a procedural nature (obstacles such as procedural default–also overcome by actual innocence). *Cornell v. Nix*, 119 F.3d 1329, 1334 (8th Cir. 1997). A positive determination under either standard is rare and limited. *Herrera*, 506 U.S. at 404; *Schlup*, 513 U.S. at 315. The burden of proof under *Herrera* is higher than under *Schlup*, since exceptions are permitted only for 'truly persuasive demonstrations of actual innocence.' *Herrera*, 506 U.S. at 426–27. Under *Schlup*, Cox must show 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.' *Schlup*, 513 U.S. at 327.

Cox's claim fails under either *Herrera* or *Schlup*. Phillip's testimony was relevant and important but not central to Cox's conviction. Phillip was not present at the scene of the murder. His original testimony confirmed Cox's ownership of a weapon matching the murder weapon prior to the incident and was consistent with testimony of the two eye-witnesses, Chaney and Dameron, who identified Cox with a weapon. If believed, the recantation would only serve to potentially impeach the credibility of these eye witnesses, but it could not prove Cox did not shoot Jackson. The trial court refused to give credence to Phillip's recantation given his age when he testified, his motives for testifying at the post-conviction hearing, and his testimony at that hearing ten years after the initial criminal trial. The district court agreed with the Iowa state courts. Cox is procedurally barred on this federal claim.

For the foregoing reasons, we affirm the order of the district court dismissing Cox's petition.

_____