# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2556

_____

Thomas D. Overton,

 Petitioner - Appellant,

v.

John Mathes, Warden, ISP,

 Respondent - Appellee.

   \*
   \*
   \*
   \*
   \*  Appeal from the United States
   \*  District Court for the
   \*  Southern District of Iowa.
   \*
   \*
   \*

_____

Submitted: February 16, 2005
Filed: October 10, 2005

_____

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

Iowa inmate Thomas D. Overton appeals the district court's[1] denial of his petition for a writ of habeas corpus. Overton argues that he did not knowingly and intelligently waive his Sixth Amendment right to counsel, as required by Faretta v. California, 422 U.S. 806 (1975), because the trial judge failed to warn Overton that he would be required to wear leg restraints while representing himself at his criminal trial. We affirm.

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Overton was charged with interference with official acts causing bodily injury after he attacked an Iowa State Penitentiary corrections official who reported a violation of prison rules.  Three days before the scheduled trial, Overton appeared with appointed counsel and asked to represent himself at trial. Iowa District Judge David Fahey advised Overton against waiving his right to counsel.  When Overton persisted, Judge Fahey engaged in a lengthy colloquy to determine whether Overton was knowingly and intelligently waiving his right to counsel.  Overton said that he understood his right to an attorney, the nature of the offense, and the maximum penalty he was facing.  He said he had previously represented himself at a habeas trial, had observed a number of criminal trials including one in which the defendant's attempt to represent himself "was just a complete disaster," and had served as a "jailhouse lawyer" for twenty years.  Reflecting this courtroom experience, Overton accurately described the difference between voir dire and opening statement.  Following the colloquy, Judge Fahey granted Overton's motion to represent himself, with appointed counsel to serve as standby counsel.  The experienced trial judge commented that, "of all the times I have been through a request . . . by a litigant to be pro se, you're probably the most articulate."  The trial date was later continued.

One year later, before the start of trial, Overton appeared before the trial judge, District Judge John Linn.  Overton was advised that he would be required to wear leg restraints during the trial.  He objected to the restraints, arguing that they would interfere with representing himself pro se.  In response, Judge Linn overruled the objection but ordered that both Overton and the prosecutor would conduct the trial from counsel tables, and the jury would be excused when a sidebar conference was needed, so as to not disadvantage Overton.  In addition, noting that the jury would know from the nature of the charge that Overton was an inmate, Judge Linn said he would advise the jury not to construe any security measures taken during trial as reflecting on guilt or innocence. Overton did not object to this ruling.  He represented himself during the ensuing trial, assisted by standby counsel, wearing braces on his

-2-

legs that were not visible while he sat at the defense counsel's table. The jury found Overton guilty. He was sentenced to fifteen years in prison as an habitual offender.

On direct appeal, Overton argued that his waiver of counsel was not knowing and intelligent because he did not know he would be required to wear leg restraints during trial. Applying Faretta, the Iowa Court of Appeals affirmed the conviction, concluding that Overton's waiver of counsel was knowing and intelligent. State v. Overton, 2002 WL 1331859, *3 (Iowa Ct. App. June 19, 2002). The Supreme Court of Iowa denied further review. The district court then denied Overton federal habeas relief but granted a certificate of appealability on this Sixth Amendment issue.

Overton argues that his Sixth Amendment right to counsel was violated because he did not know he would be placed in leg restraints when he waived his right to counsel before Judge Fahey, and Judge Linn "did not again inquire as to whether Overton, in light of the restrictions to be placed upon him at trial, wanted to continue to waive his right to counsel."[2] The Iowa Court of Appeals rejected this claim because (i) Judge Fahey did not know Overton would be in leg restraints at trial at the October 1999 waiver hearing, and (ii) Overton's objection to the leg restraints before the October 2000 trial demonstrated that he "understood both that he would be restrained, and that this restraint would affect his ability to represent himself." The Iowa Court of Appeals concluded: "given that [Overton] proceeded with his own defense shortly after articulating for the court the problems with doing so, we find [he] knowingly and intelligently waived his right to counsel."

To obtain federal habeas relief, Overton must show that this state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application

---

[2]Overton relies heavily on the divided panel opinion in Abdullah v. Groose, 44 F.3d 692 (8th Cir. 1994). However, the en banc court vacated that opinion. Abdullah v. Groose, 75 F.3d 408 (8th Cir.), cert. denied, 517 U.S. 1215 (1996).

of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In Faretta, the Supreme Court held that the Sixth Amendment includes the right of an accused to represent himself at trial. 422 U.S. at 832-34. However, before representing himself, the accused must knowingly and intelligently waive his constitutional right to the assistance of counsel. Therefore, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Id. at 835 (quotation omitted). Whether a waiver of counsel was knowing and intelligent turns on "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Edwards v. Arizona, 451 U.S. 477, 482 (1981) (quotation omitted).

As the Iowa Court of Appeals recognized that Faretta is the controlling Supreme Court precedent, the question is whether the Iowa court unreasonably applied that precedent to the facts of Overton's case. Williams v. Taylor, 529 U.S. 362, 413 (2000). We have no difficulty concluding that the Iowa Court of Appeals reasonably applied Faretta. A waiver of the right to counsel is valid "if the record shows . . . that, under all the circumstances, [Overton] knew and understood the dangers and disadvantages of self representation." United States v. Patterson, 140 F.3d 767, 774-75 (8th Cir.), cert. denied 525 U.S. 907 (1998). Judge Fahey's colloquy demonstrated that Overton had the legal knowledge and courtroom experience to fully understand the normal dangers and disadvantages of representing himself. Nothing in the record suggests that Judge Fahey knew leg restraints would be employed at trial when the judge accepted Overton's waiver of counsel.

Just before trial, Overton objected to the trial judge that he was being placed in leg restraints, arguing that it is unconstitutional to manacle a defendant who is representing himself because of the need to attend sidebar conferences and to be "8 to 10 feet away from the jury for your proper presentation." As the Iowa Court of Appeals noted, the objection demonstrated that Overton understood the potential

-4-

disadvantage of being in leg restraints while representing himself. When Judge Linn responded by adopting procedures directly aimed at minimizing the disadvantage, Overton did not object to the adequacy of those procedures. Instead, he chose to continue his self-representation without further objection. In these circumstances, the Iowa Court of Appeals reasonably concluded that Overton knowingly and intelligently waived his right to counsel without the need for an additional, superfluous warning by the court. Faretta requires no more.

Citing only state law authorities, Overton further argues that the trial court violated his Sixth Amendment right to defend himself when it denied his motion for a new trial on the ground that he was "shackled" during trial. Overton did not present this as a Sixth Amendment claim to the state courts. Accordingly, it is procedurally barred. See Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). In addition, given Overton's knowing and intelligent waiver of his Sixth Amendment right to counsel, the contention is without merit.

The ruling of the District Court is affirmed.

_____