# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 25, 2020

160349

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

ROBERT LEE HORTON II,
        Defendant-Appellant.

_____/

SC: 160349
COA: 341933
Macomb CC: 2016-003459-FC

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

By order of April 29, 2020, the prosecuting attorney was directed to answer the application for leave to appeal the August 22, 2019 judgment of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MCCORMACK, C.J. (*dissenting*).

I would grant leave to appeal in this case, which presents important questions about the fairness of proceedings leading to the conviction of a self-represented defendant who was improperly shackled for his jury trial.

The defendant exercised his right to represent himself at his two trials, the first of which ended in a mistrial after the jury was unable to reach a verdict. The only rationale given by the trial court for shackling the defendant was offered at his first trial. There, the trial court informed the defendant that he would remain shackled during trial because he was "charged with a[n] assaultive crime and this Court needs to insure the safety and security of this courtroom." The court placed no evidence on the record to show that the defendant was likely to attempt escape or that shackles were needed to maintain security or order in the courtroom.

The defendant represented himself at the second trial, still in shackles. This time he was convicted. At his sentencing hearing, he raised concerns that his shackles and limited mobility precluded him from having a fair trial. He told the court:

When this trial first started, I recall you saying that you was going to hold me to the same standard as the prosecutor, but yet I was unable to defend myself properly because I was shackled down, for one thing. I wasn't able to come across to the podium for opening statement with the jury. I wasn't able to walk to the blackboard up here, to the screen and point out certain things as the prosecutor was clearly freely able to do.

\* \* \*

. . . I was bound down behind the detectives on the first trial and on the second trial. [The prosecutor]'s prancing around back and forth up to the bulletin board, this and that, while I'm standing like a statue not able to move with a gun at my back. Fair. So if this is fair, then, by all means don't worry about the horse, just load the wagon. I'll see you on appeal. It's not fair.

In my view, this case presents several questions worthy of this Court's review. In *Deck v Missouri*, 544 US 622, 629 (2005), the United States Supreme Court held that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." A defendant may be shackled only on a finding, supported by record evidence, that it is necessary to prevent escape or injury to persons in the courtroom, or to maintain order during the trial. *People v Dunn*, 446 Mich 409, 426 (1994). This rule is critical to preserving the dignity of the proceedings and the fundamental rights of the defendant. The presumption of innocence "is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v United States*, 156 US 432, 453 (1895). Shackling undermines this presumption because it suggests to the jury that the defendant poses a danger to them or is likely to flee the courtroom if left unrestrained.[1]

Here, the trial court abused its discretion when it failed to articulate a finding that restraints were necessary. *People v Payne*, 285 Mich App 181, 186-187 (2009). And although this issue is unpreserved, I believe it may warrant relief under *People v Carines*, 460 Mich 750, 752-753, 763-764 (1999), because it is the type of error that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. The

---

[1] As one clinical law professor put it, "Our client has a difficult time believing that the presumption of innocence still cloaks him when all he can feel are chains." Berkheiser, *Unchain the Children*, Nev Lawyer 30, 30 (June 2012), available at <http://nvbar.org/wp-content/uploads/NevLawyer_June_2012_Dean-1.pdf> (accessed November 19, 2020) [https://perma.cc/6QKL-9EHK].

United States Supreme Court's observation in *Illinois v Allen*, 397 US 337, 344 (1970), supports this conclusion:

> [N]o person should be tried while shackled and gagged except as a last resort. Not only is it possible that the sight of shackles and gags might have a significant effect on the jury's feelings about the defendant, but the use of this technique is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold.

Moreover, I question whether the shackles in this case *were* noticeable to the jury, even if a protective shroud was used. The core rule of *Deck* is that a trial court may not use physical restraints that are visible to the jury without an adequate justification. *Deck*, 544 US at 629. Because the defendant elected to represent himself, he was confined to the counsel's table while the prosecution moved freely about the courtroom. The jury could have reasonably inferred that the defendant was shackled, making his restraints constructively visible. Two parties so differentially situated in the eyes of the jury, particularly without an individualized finding of necessity, may contravene the presumption of innocence even if no juror directly saw the shackles. Given that the defendant was shackled without adequate justification, this may have risen to a due-process violation and affected the defendant's substantial rights under *Carines*.

Finally, whether the defendant was denied his right to self-representation is another question that warrants our review. This right is enshrined in both the United States and Michigan Constitutions. *Faretta v California*, 422 US 806, 818-832 (1975), citing US Const, Am VI; Const 1963, art 1, § 13. A violation of it constitutes structural error. *McKaskle v Wiggins*, 465 US 168, 177 n 8 (1984). Because the defendant was shackled without adequate justification and unfairly placed on an unequal playing field before the jury, I question whether he was effectively denied his right to self-representation. The defendant cites several examples of efforts that can be made to minimize the risk of prejudice when shackled defendants represent themselves at trial. See, e.g., *United States v Fields*, 483 F3d 313, 357 (CA 5, 2007) (trial court ordered both sides to remain seated before the jury); *Frantz v Hazey*, 533 F3d 724, 728 (CA 9, 2008) (same); *Overton v Mathes*, 425 F3d 518, 520 (CA 8, 2005) (both sides were confined to counsel tables and jury was excused when a sidebar conference was needed). Though the defendant did not make a timely request for the trial court to order the prosecution to remain seated as well, I nevertheless think it is an issue that warrants close scrutiny and possible clarification from this Court.

I would grant leave to explore the contours of the right to self-representation in this unique context. Is it enough that the defendant was able to question witnesses and make his case to the jury, even seated behind a shroud at the defense table? Or does the

right encompass more than that, when there was no adequate justification for the shackling? This case is distinguishable from *People v Arthur*, 495 Mich 861 (2013), because the defendant here *did* insist on exercising his right to represent himself. See *id.* at 862 ("That the defendant elected to relinquish his right of self-representation rather than exercise that right while seated behind the defense table does not amount to a denial of the defendant's right of self-representation"). Whether his improper shackling violated that right is an issue that has not been addressed in our Court, and it is one that implicates important values of fairness and due process.

I respectfully dissent from the Court's order denying leave.

BERNSTEIN and CAVANAGH, JJ., join the statement of MCCORMACK, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 25, 2020



Clerk

p1124